```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                  Case No.: 8:17-cr-473-T-33JSS

MICHAEL WASHINGTON

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Michael Washington's pro se Motion for Compassionate Release and/or Reduction of Sentence (Doc. # 74), filed on September 21, 2020. The United States responded on October 7, 2020. (Doc. # 76). For the reasons set forth below, the Motion is denied.

**I.  Background**

In December 2005, Washington was sentenced to 135 months' imprisonment on drug charges in an earlier criminal matter. See (Case No. 8:05-cr-77-T-17MAP, Doc. # 35) ("2005 Case"). His sentence was reduced to 120 months in 2008. (2005 Case, Doc. # 49). In December 2016, after Washington violated the conditions of his supervised release, the Court revoked his release and imposed a sentence of fourteen months' imprisonment. (2005 Case, Doc. # 78). Washington was arrested

on October 26, 2016, and was released from custody on October 6, 2017, for the supervised release violation.

In September 2017, Washington was indicted in the instant case. (Doc. # 1). In April 2018, Washington pled guilty to two counts of wire fraud and one count of aggravated identity theft, and this Court sentenced him to fifty-one months' imprisonment. (Doc. # 60).

Washington filed his first motion for reduction of sentence on July 9, 2020, claiming the Court erroneously calculated his sentence. (Doc. # 67). The Court denied the motion on August 26, 2020. (Doc. # 71).

Now, Washington has filed a second Motion for Reduction of Sentence, requesting compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic. (Doc. # 74 at 6-7). Washington explains he is at an increased risk of serious illness if he contracts COVID-19 because he is a former smoker, and he suffers severe acid reflux. (Doc. # 76-1). According to the Bureau of Prisons' website, Washington, who is 37 years old, is projected to be released in December 2021. The United States has responded (Doc. # 76), and the Motion is now ripe for review.

**II. Discussion**

The United States argues that Washington's Motion should be denied on the merits. (Doc. # 76 at 4-5). The Court agrees and holds that the Motion is denied because Washington's circumstances are not extraordinary and compelling.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Washington argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not

alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, Washington alleges that he filed a request for compassionate release with the warden of his facility sometime in March of 2020. (Doc. # 74 at 4). The warden denied the request on August 21, 2020. (Id.). The United States does not dispute that Washington exhausted his administrative remedies. (Doc. # 76 at 3-5). Therefore, the Court finds for the purpose of this Motion that Washington satisfied the exhaustion requirement.

Nonetheless, the Court denies the Motion because Washington's circumstances are not extraordinary and compelling. The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG §1B1.13, comment. (n.1). Washington bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T33SPF, 2019 WL 2411311, at *2 (M.D.

Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Here, Washington seeks compassionate release because of the COVID-19 pandemic, his heightened risk of contracting complications from COVID-19 as a former smoker, and his underlying condition of acid reflux. (Doc. ## 74 at 6-7; 76-1). However, these circumstances are not extraordinary and compelling such that they warrant release. See United States v. Wiles, No. 8:11-cr-67-T-24TGW, 2020 WL 5884497, at *4 (M.D. Fla. Sept. 29, 2020) (denying compassionate release for an inmate suffering from anemia and hepatitis and claiming to be at an increased risk of COVID-19 because he was a former smoker).

The Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Thus, although the Court recognizes Washington's apprehensions about the frequent rotation of prisoners in and out of the detention facility, (Doc. # 74 at

7), he has not shown an extraordinary and compelling reason for compassionate release and his Motion is denied.

Furthermore, while Washington's concerns about the COVID-19 pandemic are understandable, the Court notes several measures that have been taken in response to the pandemic. For example,

> [u]nder the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of the coronavirus. See Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). In addition, the BOP has established numerous procedures to combat the spread of COVID-19 within its facilities. See Federal Bureau of Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp (last updated Mar. 19, 2020).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Michael Washington's pro se Motion for Compassionate Release (Doc. # 74) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of October, 2020.

<u>/s/ Virginia M. Hernandez Covington</u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE